**Paul J. PAGLIARULO, Plaintiff**

v.

**William J. HENDERSON, in his Official Capacity as Postmaster General of the United States Postal Service, Defendant**

**No. CIV.A.99–10661–REK.**

United States District Court,
D. Massachusetts.

Oct. 25, 2000.

Paul F. Wood, Law Office of Paul F. Wood, Boston, MA, for Paul J. Pagliarulo, Plaintiffs.

Andrew L. Freeman, U.S. Attorney's Office, Windsor, CT, Peter K. Levitt, United States Courthouse, Assistant U.S. Attorney, Boston, MA, Anna V. Crawford, U.S. Postal Service, Windsor Law Office, Windsor, CT, for William J. Henderson, in his official capacity as Postmaster General of the United States Postal Service, Defendants.

### Memorandum and Order

KEETON, District Judge.

■ At the Case Management Conference of October 24, 2000, the court notified the parties that the court could not determine the merits of the defendant's motion for summary judgment, now pending for decision, because the submissions of the parties thus far filed have been too general and lacking in specificity about factual and legal issues.

If plaintiff does succeed in persuading the court that one or more material and genuinely disputed facts bar summary judgment, the court will submit the case to the jury on special questions only. I have stated my views about the appropriateness of trial in this fashion in Keeton, *Judging in the American Legal System* (Lexis Law Publishing, 1999).

When the legal issues in the case on trial are controlled by precedents and the particular case raises no unsettled issue, form books and the judge's own file of previous charges in similar cases may serve well as models from which the judge works in tailoring either a spontaneously delivered oral charge or a more carefully crafted printed charge. It is especially likely that working from model forms in tailoring the charge for a particular case will be adequate when that case fits well within a common type.

In cases that are complex or for some other reason do not fit within a common pattern, tailoring a good charge to the jury is more difficult and requires more attention. Also it is too much to expect of a jury that they listen to a lengthy oral charge, understand it, remember all the instructions on all the different issues in the case, and then return a general verdict that correctly reflects their reasoned application of the entire charge to all the disputed and material factual questions in the case.

For the reasons just stated, it is more sensible in complex cases (1) to use special questions for the jury to answer, (2) to tailor instructions so they explain the questions, one by one or in groups when that can be done crisply and clearly, (3) when possible, to ask all the questions that need be answered under any contention of any party, so the appellate court will be able to order a different judgment rather than ordering a new trial if it reverses one or more of the

trial court's rulings on questions of law, and (4) to deliver the entire charge to the jury in printed form as well as delivering it orally.

Especially is this so if precedents have not settled some potentially *dispositive* legal issue in the case—that is, some issue that, if decided by a court (trial or appellate) in one way among possible alternative ways, will alone determine the outcome of the case and render other disputable issues moot.

A jury charge or verdict form, or a combination of charge and verdict form, that is ambiguous in any respect creates risks that a new trial will be necessary. If the jury is instructed to return a general verdict, the risks are especially high—any error may be critical because it is impossible to know that the jury decided the case on some other ground that made the error harmless.

A carefully crafted verdict form submitting the case to the jury on special questions can reduce dramatically the risk that a new trial will be required. To be effective for this purpose, however, the verdict form must be free of any ambiguity that would make it impossible for the trial judge or an appellate court to determine that a finding that was potentially affected by an error of law was not material to the judgment in view of other findings of the jury. In thinking about potential consequences of ambiguity of a verdict, advocates and the trial judge will in some instances in complex cases need to consider also what a judgment on the verdict might say to clarify its precise meaning to serve not only the interests of the judge and the advocates in clarity but also the interests of others who participate in the administration of justice.

*Id.*, at §§ 20.1.1, 570–71 (footnotes omitted).

If in fact plaintiff has a legal and factual basis for submitting a claim to a jury, plaintiff's counsel should be able to draft an appropriate set of questions to do so. Inability of plaintiff's counsel to draft an appropriate set of questions is likely to persuade me that defendant's motion for summary judgment has merit.

At the Case Management Conference of October 24, 2000, after consultation about the proposed grounds of summary judgment and plaintiff's proposals about appropriate questions for a Verdict form, I stated that as an aid to counsel and the court in thinking through the issues of law and fact presented by the pending motion and opposition to it, I have prepared the attached Draft Verdict form, Draft of October 25, 2000, with the purpose of trying to identify genuine disputes of fact so we can then focus precisely on any contentions of law that would determine whether any of the genuine disputes of fact is material to the outcome.

If plaintiff's attorney contends that some genuinely disputable issue of fact is a barrier to summary judgment, he should be able to (1) identify it precisely for the court and opposing counsel, (2) proffer admissible evidence sufficient to show a trialworthy dispute of fact, and (3) identify authority (statute or precedent) that would support a claim for plaintiff if the trialworthy issue of fact is resolved by a jury in plaintiff's favor.

If plaintiff's attorney can identify at least one trialworthy dispute of fact and authority for its materiality, defendant's motion for summary judgment will be denied.

The outcome of the defendant's motion for summary judgment in this case depends on issues of law, issues of fact, lawfact issues regarding administrative regulations, and relationships among them. In these circumstances, the ordinary structure and sequence of steps used to decide the outcome of the motion may be less useful than a structure under which the court and counsel work together in a different way to identify issues and burdens, both procedural and substantive, of the

parties. *See* Keeton, *Judging in the American Legal System*, at §§ 16.2, 17.10.

The concept of "burden of proof" does not apply to a legal assertion. A court decides legal issues on the merits of arguments rather than findings of fact as to which a "burden of proof" applies. Nevertheless, as movant for summary judgment, as a pragmatic procedural matter, defendant has a burden to persuade the court on each legal assertion underlying his motion, as well as identifying undisputed facts that satisfy the elements of each legal test defendant invokes.

Only if defendant persuades the court, at the hearing set for **December 7, 2000, at 3:00 p.m.,** that by then it has met the movant's pragmatic burden on both law and fact, will the court allow the pending motion at that hearing.

## ORDER

Submissions responsive to the attached Draft are encouraged and may be filed on or before December 1, 2000.

## ATTACHMENT

### Verdict
Draft of October 25, 2000

### I. Alleged Pretext and Other Matters

(a)(1) Did either or both of the persons listed below make an explanation, for one 10 or more decisions or conduct 09 (the decisions or conduct are listed in 1(a)(2) below), that was entirely or in material part pretextual (that is, false)?

(A) Did Edward Goodoak do so? _____ YES _____ NO
(B) Did John D. Carroll do so? _____ YES _____ NO

If you answer YES to any part of 1(a)(1), answer the corresponding part of 1(a)(2). Otherwise, skip to 1(b).

1(a)(2) Did the person or persons making the pretextual explanation do so with the state of mind of knowledge of he falsity of the explanation, or with the state of mind of deliberate indifference as to the truth or falsity of the explanation?